## ROGER E. PERKINS *vs.* JOSEPH WEBSTER.

*A.* conveyed to *B.* by deed " a certain piece of land, the whole of lot No. 20, " except 50 acres deeded to *S. P.* the lot to contain 200 acres by measure, be- " sides the 50 acres ;" this was held to be mere description, and not to amount to a covenant that the lot contained 200 acres besides the 50 acres.

THIS was an action of covenant broken.   The plaintiff alleged, in his declaration, that the defendant, by deed, dated March 26, 1817, conveyed to the plaintiff a tract of land in Springfield, being the whole of lot No. 20, excepting 50

---

* 13 John. 79, 81, Jackson vs. Loomis.

† 13 John. 80, Jackson vs. Root & H. Jackson vs. Loomis ; 108, Jackson vs. Ransom.— 19 John. 449, Loomis vs. Jackson.

acres conveyed to *S. Webster*, and in and by the same deed covenanted with the plaintiff, that the said lot should and did contain two hundred acres by measure, besides the fifty acres conveyed to *J. Webster*, when, in fact, the said lot contained only 153 acres, besides the 50 acres.

The defendant craved oyer of the deed, and had it. In the deed, the defendant conveyed to the plaintiff " a certain " piece of land, the whole of lot No. 20, in the north di- " vision of said Springfield, except 50 acres as deeded to " *S. Webster*, &c., the lot to contain two hundred acres by " measure, besides the fifty acres above mentioned." The deed contained the usual covenants of seisin, &c.

The defendant then demurred, and shewed for cause of demurrer, that the deed did not contain the covenant alleged. The plaintiff joined in demurrer.

*J. Harris*, for the plaintiff.

*R. Fletcher*, for the defendant.

*By the court.* If we were to give the least countenance to the opinion, that loose and doubtful expressions, used in the description of lands in deeds of conveyance, may be construed as covenants, it would lead to endless litigation and fraud. They would be easily inserted by the artful and designing in any deed; and the simple and uninformed might be readily entrapped by them, without the least suspicion.

In the present case, we cannot construe the phrase, " the " lot to contain two hundred acres by measure," as a covenant, that it contained that quantity, but consider it merely as a part of the description of the land. In most cases, it is very easy to ascertain the quantity of land in any tract before the conveyance. Where that cannot be done, if the grantee chooses to have a stipulation, as to the quantity in the deed, it must be by a clear and express covenant.

*Judgment for the defendant.*